UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
JOSEPH T. WATKINS ,                    )
                                       )
       Plaintiff,                      )
                                       )
       v.                              )    Civil Action No. 04-2062 (PLF)
                                       )
PEPCO ENERGY SERVICES, INC, et al.     )
                                       )
       Defendants.                     )
_____ )

MEMORANDUM OPINION

        This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Upon consideration of plaintiff's complaint, defendants' motion, and plaintiff's opposition, the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims and will grant defendants' motion to dismiss all of plaintiff's claims without prejudice.

BACKGROUND

        Plaintiff Joseph Watkins, a resident of Maryland, filed this action based on an alleged oral contract between him and defendants Pepco Energy Services, Inc. ("PES"), Potomac Electric Power Company, Inc., ("PEPCO") and Pepco Holdings, Inc. Plaintiff, proceeding *pro se*, claims that he entered into an oral contract whereby defendants would provide and install certain windows and patio doors at plaintiff's residence within a 62-day period in return for $11,121.00. Compl. at 3. A dispute arose between the parties, and after the 62 day period passed, plaintiff mailed PES a notice informing it that it was in breach of contract and cancelled the order. Id. at 4. PES then filed suit against plaintiff for breach of

contract in the District Court of Maryland for Montgomery County. Compl. at 4; see Mot. to Dismiss, ¶ 2. Plaintiff alleges that he "tried to attach a counterclaim," but that it was dismissed. Compl. at 4; see Motion In Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition"), ¶ 4. The District Court of Maryland entered judgment in favor of Vinyl Technologies, Inc. ("Vinyl"), an "affinity ally" of PES, in January 2003. Mot. to Dismiss, ¶ 5. Plaintiff appealed the judgment to the Circuit Court of Montgomery County, which affirmed. Id, ¶ 6. Plaintiff also appealed the dismissal of his counterclaim to the Circuit Court, and subsequently to the Maryland Court of Special Appeals, which held that the counterclaim was barred by *res judicata*. Mot. to Dismiss, ¶ 7; Plaintiff's Opposition, ¶ 7.

Plaintiff in this action claims that the statements defendants made and the evidence defendants presented to the Maryland courts was "false" and "fraudulent." Plaintiff's Opposition at 3. Plaintiff also filed a complaint in the United States District Court for the District of Maryland alleging that the District Court of Maryland's ruling violated the United States Constitution. Id. at 4. Plaintiff alleges that the U.S. District Court "denied the motion" and that an appeal by plaintiff is currently pending before the United States Court of Appeals for the Fourth Circuit. Id.

After seemingly exhausting his appeals in the Maryland courts, plaintiff filed a complaint in this Court on November 26, 2004, requesting "money compensation for damages done to me by Defendants' breach of contract and filing of unjustified suit," alleging further that "PES's filing of a complaint against us . . . has damaged me monetarily in excess of $75,000." Compl. at 5. On March 14, 2005, defendants filed a motion to

dismiss for lack of subject matter jurisdiction, alleging that the matter in controversy in this action does not exceed $75,000. Plaintiff filed an opposition to defendants' motion on April 11, 2005.

## DISCUSSION

It is axiomatic that federal courts are courts of limited jurisdiction, with the ability only to hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. Srour v. Barnes, 670 F. Supp. 18, 20, (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). Plaintiff claims jurisdiction under 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1335, and 28 U.S.C. § 1397. Sections 1335 and 1397 discuss subject matter jurisdiction and venue, respectively, for a limited class of civil actions of interpleader or in the nature of interpleader. Both statutes clearly are inapplicable in the instant case, since multiple claimants do not exist. Section 1332(a)(1) provides district courts with jurisdiction over all civil actions between citizens of different states, so-called diversity jurisdiction, where the amount in controversy exceeds $75,000. Defendants do not dispute diversity of citizenship, but allege that the matter in controversy could not possibly exceed $75,000 in this case.

When reviewing a motion challenging the sufficiency of the allegations of subject matter jurisdiction, the district court must accept all the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. Government of Rwanda v. Rwanda Working Group, 150 F. Supp. 2d 1, 4 (D.D.C. 2001). The Supreme Court has repeatedly stated the test for determining whether a claim satisfies the minimum dollar amount for diversity jurisdiction: the sum claimed by the

3

plaintiff controls if the claim is apparently made in good faith. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). The Court added: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. But "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." Id. In short, "the Supreme Court's yardstick demands that courts be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993).

Plaintiff has asserted what appear to be two claims – breach of contract and "filing of unjustified suit." In this Circuit, the plaintiff bears the burden of establishing the amount in controversy once it has been put in question. Rosenboro v. Kim, 994 F.2d at 17; see Gomez v. Wilson, 477 F.2d 411, 420 (D.C. Cir. 1973) ("when, as here, a formal allegation of jurisdictional amount – albeit one sufficient from a pleading standpoint – is controverted, a factual issue emerges and the burden of establishing jurisdictional amount is thrust upon the claimant"). Both parties agree that the contract price in this case is $11,121.00. While it may not technically be impossible for a breach of contract claim to exceed by nearly seven-fold the value of the contract at issue (and therefore to meet the threshold level required for jurisdiction), plaintiff has failed to articulate any legal basis for such a large breach of contract claim in his opposition to defendants' motion to dismiss. In response to defendants' assertion that plaintiff's breach of contract claim could not rationally exceed $75,000, plaintiff merely states that "the defendants herein have no way of knowing

4

what evidence plaintiff will present and what this cummulative [sic] claim will aggregate." Plaintiff's Opposition, ¶ 9.  Such an assertion does not meet plaintiff's burden of providing this Court with some factual basis – as opposed to a mere unsupported assertion – upon which to claim jurisdiction.

The D.C. Circuit has also declined jurisdiction when, based on the pleadings, it would be highly improbable that the amount in controversy could exceed the jurisdictional threshold, and when plaintiff submits no evidence to the contrary.  See Rosenboro v. Kim, 994 F.2d at 18 (holding that, because plaintiff failed to produce any evidence indicating that she could prove nearly $48,000 in unliquidated [pain and suffering] damages arising from an automobile crash resulting in medical expenses of $2,130, there was a legal certainty that plaintiff's claim did not satisfy the amount in controversy requirement).  Plaintiff has not provided any evidence that would prevent this Court from finding to a legal certainty that plaintiff's breach of contract claim does not exceed $75,000.

Plaintiff's second claim for "filing of unjustified suit" could be interpreted as a claim for either malicious use of process or abuse of process.  Under Maryland law, a malicious use of process claim lies only if the alleged prior "malicious" proceedings have terminated in favor of the plaintiff (i.e., in favor of the defendant in the original action).  See Campbell v. Lake Hallowell Homeowners Ass'n, 852 A.2d 1029, 1045 (Md. Ct. Spec. App. 2004).  Although plaintiff's complaint states that PES's claim against plaintiff was "dismissed with fewer than all claims adjudicated," Compl. at 5, it appears that plaintiff is referring to the fact that the case was closed without his counterclaim being heard, not the fact that PES's claim was dismissed in his favor.  Plaintiff's opposition to defendants' motion to dismiss never disputes defendants' allegation that the claims were resolved in

defendants' favor. On the contrary, plaintiff acknowledges in his opposition that there was a judgement granted to Vinyl.[1] Based on the factual allegations contained in plaintiff's submissions to this Court, it does not appear that plaintiff would be able to recover on a malicious use of process claim.

The elements of abuse of process in Maryland are: (1) that the defendant willfully used process after it has issued in a manner not contemplated by law; (2) that the defendant acted to satisfy an ulterior motive; and (3) that damages resulted from defendant's use of perverted process. Campbell v. Lake Hallowell Homeowners Ass'n, 852 A.2d at 1044. For a cause of action to lie, defendants must have filed suit to accomplish "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." Id. If a party intended to use the law for the immediate purpose for which it was intended, the party will not be liable, notwithstanding "bad intentions" or a vicious or vindictive motive. Id. Although plaintiff claims that defendants used "false, fraudulent, perverted" statements at trial, plaintiff does not allege that defendants filed suit to accomplish some "objective not legitimate in the use of process." See id. Therefore, plaintiff has articulated no legal basis for recovery on an abuse of process claim.

---

[1] Plaintiff's opposition states that "[t]he appeal of the judgment granted Vinyl, under Md. Rule was to be an appeal on the record." Plaintiff's Opposition ¶ 6.

In conclusion, this Court finds to a legal certainty that the breach of contract and "filing of unjustified suit" claims alleged by plaintiff cannot exceed $75,000. As a consequence, defendants' motion to dismiss for lack of subject matter jurisdiction must be granted.

An Order consistent with this Memorandum Opinion shall issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 20, 2005